# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA MURRAY CICCO, <br><br> Plaintiff, <br><br> v. <br><br> The NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, <br><br> Defendant. | Civil No. 18-1164-EFM-TJJ |

### REPLY IN SUPPORT OF THE NATIONAL AERONAUTICS AND SPACE ADMINISTRATION'S MOTION TO DISMISS

The National Aeronautics and Space Administration ("NASA") moved to dismiss this matter for lack of subject matter jurisdiction and lack of proper venue, Fed. R. Civ. P. 12(b)(1) and (3), because Plaintiff's Complaint for declaratory judgment fails to identify a waiver of sovereign immunity and a statute that confers subject matter jurisdiction, and fails to show a sufficient connection to support venue in the District of Kansas.

I.  5 U.S.C. § 702 DOES NOT WAIVE SOVEREIGN IMMUNITY IN THIS CASE AND, REGARDLESS, PLAINTIFF HAS NOT SHOWN SUBJECT MATTER JURISDICTION

Plaintiff's argument that the second sentence of 5 U.S.C. § 702 of the Administrative Procedures Act ("APA") provides a waiver of sovereign immunity fails for two reasons. First, Plaintiff has failed to allege an unlawful action or inaction by a federal officer or employee as required by the second sentence of § 702. Second, even if § 702 provides a waiver of sovereign immunity, Plaintiff has failed to identify a statute that confers subject matter jurisdiction on the district court.

Plaintiff cannot rely on 5 U.S.C. § 702 for the necessary waiver of sovereign immunity because she has not alleged an unlawful action or inaction by a federal employee. The second sentence of 5 U.S.C. § 702 provides that "[a]n action in a court of the United States seeking relief other than money damages *and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority* shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C. § 702 (emphasis added).

Not only is the language of the statute clear, it is also clear in the legislative history that Congress intended to require a claim of unlawful action or inaction against a federal officer or employee as a necessary element when it implemented this new waiver in 1976. "[T]he Administrative Conference of the United States, which proposed the waiver of sovereign immunity and suggested that it be included in section 702, explained that the amendment to section 702 was designed 'to eliminate the defense of sovereign immunity with respect to any action in a court of the United States seeking relief other than money damages *and based on an assertion of unlawful official action by a Federal officer or employee.*'" *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1345 (Fed. Cir. 2011) (emphasis added) (quoting the Administrative Procedure Act Amendments of 1976: Hearing Before the Subcomm. on Admin. Practice and Procedure of the S. Comm. on the Judiciary, 94th Cong. 230 (1976) (statement of Richard K. Berg, executive secretary of the Administrative Conference of the United States)). To ignore the element of wrongful action would create a nearly unlimited waiver of sovereign immunity for non-monetary damage cases, which is not what Congress intended.

The cases cited by Plaintiff Cicco in support of a waiver of sovereign immunity under §702 are easily distinguished from the instant matter because, unlike this case, they include a claim of

unlawful action or inaction by a Federal employee. *U.S. v. Mitchell*, 463 U.S. 206 (1983) (alleged mismanagement of Native American timber lands by the United States); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (alleged violation of prisoner's Eight Amendment right to medical care); *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 57-58 (1st Cir. 2007) (United States' failure to comply with subpoenas for FBI records issued by the Puerto Rico Department of Justice); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178 (D.C. Cir. 2006) (allegation that Federal Trade Commission press release was false and misleading, and that, in issuing it, the FTC exceeded its statutory authority and violated plaintiff's First Amendment rights); *Veterans for Common Sense v. Shinseki*, 644 F.3d 845 (9th Cir. 2011), opinion vacated on reh'g en banc, 678 F.3d 1013 (9th Cir. 2012) (allegation that manner in which VA provided mental health care and procedure for obtaining medical benefits violated statutory and constitutional rights); *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337 (Fed. Cir. 2011) (alleged violation of patent law by USDA employees); *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765 (7th Cir. 2011) (alleged violation of public nuisance law by U.S. Army Corps of Engineers); *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382 (3d Cir. 2012) (alleged failure of U.S. Treasury to account for and deliver proceeds of savings bonds); *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 669 (6th Cir. 2013) (allegation that plaintiffs were illegally stopped, searched, and/or detained by officers of the United States Border Patrol based upon their Hispanic appearance, race and ethnicity).

Plaintiff Cicco does not allege any wrongful action by a Federal employee. Instead, she seeks an advisory opinion on the ownership of a vial of dust that may or may not be from the moon. Because Plaintiff Cicco has not established both elements of the second sentence of 5 U.S.C. § 702 – (1) relief other than money damages and (2) an assertion of unlawful official action

by a Federal officer or employee – she has not met her burden to show a waiver of sovereign immunity. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Even if the Court were to find a waiver of sovereign immunity under 5 U.S.C. § 702, it still lacks jurisdiction because Plaintiff Cicco has not identified an independent basis for subject matter jurisdiction. Once a court finds a waiver of sovereign immunity under 5 U.S.C. § 702, it must then decide whether the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States," so that the District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, or whether the Court has jurisdiction pursuant to another statute. *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d at 401–02. "Because the APA neither confers nor restricts jurisdiction, we must still determine whether some other statute provides it." *Trudeau*, 456 F.3d at 185. "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). As argued in the Memorandum in Support of NASA's Motion to Dismiss, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the lien enforcement statute, 28 U.S.C. § 1655[1], do not provide an independent basis for subject matter jurisdiction, Memorandum, pp. 4-5, and Plaintiff Cicco has identified no other law or statute giving the Court jurisdiction.[2] Thus, without some other

---

[1] "Section 1655 has been consistently construed as simply permitting substituted service in certain cases where the Court has jurisdiction; the jurisdictional facts requisite to support federal jurisdiction of the action involved, such as diversity of citizenship and jurisdictional amount, must be independently present." *A. E. Borden Co. v. Wurm*, 174 F. Supp. 606, 608 (D. Me. 1959).

[2] Unlike the instant matter, all of the cases cited on pages 3 and 4 of Plaintiff Cicco's Response include independent bases for subject matter jurisdiction other than 5 U.S.C. § 702.

independent basis for federal court jurisdiction, the Court lacks subject matter jurisdiction and this matter must be dismissed.

II. **PLAINTIFF HAS NOT SATISFIED THE ARTICLE III CONTROVERSY REQUIREMENT**

As argued in Defendant's Motion to Dismiss, one of the elements a plaintiff must show to establish Article III standing is an "injury in fact," and under this element, the plaintiff's injury must be "actual or imminent, not conjectural or hypothetical." (Doc. 7 at 6-7.) Defendant argued that Plaintiff has not established standing to pursue this litigation because the Complaint has not alleged any injury, traceable to conduct by NASA, which is redressable by the Court. (Doc. 7 at 7.) In response, Plaintiff contends that her allegation that she is the rightful owner of lunar material and NASA's position that private citizens cannot own lunar material satisfies the Article III case-or-controversy requirement. (Doc. 9 at 4-5, citing *MedImmune, Inc. v. Genetech*, Inc. 549 U.S. 118, 126 (2007) (Article III requires a showing of a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issues of declaratory judgment.)) As evidence of this controversy, Plaintiff relies upon the United States' position in the Peggy Davis case, pointing to the language of the probable cause search warrant affidavit and subsequent lawsuit, and quotes from an attached, unauthenticated email from NASA Apollo Sample Curator Dr. Ryan Zeigler, stating, "lunar samples are considered property of the US government." (Doc. 9 at 3-4.)

To support her claim that the threat to her is "immediate and real," Plaintiff references quotes from *Wagner v. Simon*, 412 F.Supp. 426, 430 (W.D. Mo. 1974) that "the purpose of the [Declaratory Judgment] Act is to 'afford a remedy to one who is uncertain of his rights and desires an early adjudication without having to wait until his adversary decides to bring suit." (Doc. 9 at 5.) In *Wagner*, the plaintiff brought a declaratory relief claim requesting the court to declare that a

"work of art" he created by using a photographic enlargement (facsimile) of a fifty dollar Federal Reserve note that was seized by United States Secret Service agents, was not within the scope of the Counterfeiting and Forgery Statute, and to declare the particular sections of the counterfeiting statutes relied upon by the agents to seize his facsimile to be unconstitutional. *Id.*, at 428. Addressing the question of jurisdiction and justiciability, the court found it had subject matter jurisdiction by relying on plaintiff's evidence related to the value of his artwork and finding that plaintiff satisfied the jurisdictional amount required by 28 U.S.C. § 1331. *Id.*, at 429. Finding the test for justiciability to be "whether there is 'a claim of specific present objective harm or a threat of specific future harm[,]'" the court found that "seizure of the facsimile by the Secret Service and the threats of criminal prosecution have effectively prevented plaintiff from marketing and displaying reproductions of the facsimile." *Id.*, at 430. The court found those facts sufficient to satisfy the case or controversy requirements of Article III. *Id.*

The instant case is distinguishable from the *Davis* and *Wagner* cases. Here, Plaintiff purports to have lunar material, but makes no allegation of any contact with government officials, let alone that she was threatened with seizure of her person or of her vial of alleged lunar material. In *Wagner*, plaintiff was photocopying Federal Reserve notes, and the Secret Service seized the facsimiles and threatened criminal prosecution, which the court found was sufficient to satisfy Article III. In *Davis*, plaintiff was detained, and federal officials confiscated the moon rocks in her possession.

Here, Plaintiff's Complaint is void of allegations sufficient to show that there is a present claim or a future threat of prosecution. Plaintiff can only speculate about the potential for future official action by a Federal officer or employee. The Supreme Court is "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their

6

judgment" or "rest on speculation about the decisions of independent actors." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413-14 (2013). Furthermore, a "speculative chain of possibilities does not establish that injury based on potential future" action by a Federal officer or employee has sufficient immediacy to establish standing. *Id.* (unable to show that alleged surveillance "is certainly impending or is fairly traceable"). Plaintiff lacks Article III standing because she cannot demonstrate that the future injury she purportedly fears is "certainly impending"[3]. *Id.*, at 422. Accordingly, the Court must dismiss Plaintiff's Complaint for lack of standing.

III. 18 U.S.C. 981 DOES NOT CREATE FEDERAL QUESTION JURISDICTION

Plaintiff argues that the United States of America could file an asset forfeiture action, which would create federal question jurisdiction. In support, Plaintiff cites 18 U.S.C. § 981, without referencing a specific subsection, and *Langbord v. United States Dep't of Treasury*, 832 F.3d 170 (3d Cir. 2016). Plaintiff's arguments fail because her generalized assertion that the United States could file an asset forfeiture action is insufficient to create subject matter jurisdiction and the *Langbord* case is factually and legally distinguishable.

Plaintiff's citation of 18 U.S.C. § 981, without further factual or legal analysis of a potential civil asset forfeiture action, is inadequate to create subject matter jurisdiction. Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture". 18 U.S.C. § 983(c). Supplemental Rule G "governs a forfeiture action *in rem* arising from a federal statute." *Supp. R.* G(1). Supplemental Rule G also governs the sufficiency of the complaint in a civil forfeiture action. *See Supp. R.* G(8)(b)(ii). The asset forfeiture "complaint must ... (e) identify the statute under which the forfeiture action is brought and (f) state sufficiently detailed facts to

---

[3] Furthermore, Plaintiff cannot "manufacture standing by incurring costs in anticipation of nonimminent harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. at 422.

support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id*. at 2(e) and (f). Here, at a minimum, Plaintiff Cicco should have identified the authorizing federal criminal statute, the purported violation of federal law, and the facts establishing that the property is subject to forfeiture. She has done none of this. She has not specified the nexus between the property and a criminal act. She has not articulated the criminal violation included in § 981 that allows forfeiture. Her vague assertion that the United States could forfeit the vial is unsupported by facts and law and does not create subject matter jurisdiction.

Plaintiff relies on the *Langbord* case, which is distinguishable from this matter. In *Langbord*, the purported owners of the 1933 Double Eagle gold coins turned the coins over to the government for authentication and brought an action arising from the United States' refusal to return the coins after authentication because the coins allegedly had been stolen from the United States Mint. In the instant matter, Plaintiff Cicco has a vial of dust she claims is lunar material that has neither been authenticated nor confiscated by the United States. The factual similarity is tenuous as best.

Plaintiff Cicco argues that the *Langbord* decision allowing a forfeiture claim supports her argument that 18 U.S.C. 981 waives subject matter jurisdiction. (Response, p. 6.) The *Langbord* court, however, ordered the United States to file a forfeiture count as a means of due process to remedy the violation of the Langbord's Fourth and Fifth Amendment rights that occurred when the Mint refused to return the coins. *Langbord*, 832 F.3d at 179. Here, according to her Complaint, Plaintiff Cicco has had possession of her vial for 46 years and has no claim of any constitutional violation. Thus, the *Langbord* decision does not support a waiver of subjection matter jurisdiction in this case.

IV. THE DISTRICT OF KANSAS IN AN IMPROPER VENUE

NASA moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(3) because the District of Kansas has no connection to the parties or subject matter of this action. Once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006); *see also*, 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2015) (noting that imposing burden on plaintiff "seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue").

To meet her burden, Plaintiff Cicco argues that venue is proper because her vial of dust is located in Kansas. She asserts that she may sue in any United States District Court that she chooses because the personal property at issue is portable. This is incorrect. Moving personal property to a preferred district to establish venue is improper. *United States v. $633,021.67 in U.S. Currency*, 842 F. Supp. 528, 531 (N.D. Ga. 1993) ("A court may not treat a piece of property as being 'found' within a certain judicial district where it is physically within the district only because the government moved it there subsequent to seizing it elsewhere"); *United States v. One 1974 Cessna Model 310R Aircraft, Serial No. 310R0203, FAA Registration No. N5083J*, 432 F. Supp. 364, 369 (D.S.C. 1977) (the Attorney General cannot create venue in his district of choice "merely by transferring the property to that district"). It stands to reason that if the United States cannot create venue by transferring property from one district to another, then neither can Ms. Cicco.

Plaintiff's counsel states he chose Kansas because it is close and it has experience with a single previous case involving lunar material. While counsel's candor is commendable, it does not establish any connection between this Court and the underlying facts, the property at issue, or the parties. In fact, the District of Kansas has no connection to the parties or the subject matter of this lawsuit. Kansas is not Plaintiff's state of residence, nor are any NASA facilities or field offices

9

located in Kansas.  Moreover, Plaintiff has not alleged any acts, omissions or events having taken place in Kansas.

NASA also disagrees with Plaintiff's assertion that venue based on the events giving rise to this litigation is impossible because the events occurred on the moon.  This case is not about whether Mr. Armstrong traveled to the moon or collected dust from the moon.  It is, rather, what Mr. Armstrong is alleged to have done with it once back on earth that is at issue and that he allegedly gave it to Ms. Cicco 46 years ago in Cincinatti, Ohio, not Kansas.  Simply because the venue statute allows a federal agency to be sued in any state, does not mean that the statute should be read that expansively.  In *Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264 (7th Cir. 1978), the court considered such an expansive reading, and found that "[w]ith the vast growth of federal bureaucracy, federal agencies undoubtedly have offices in most, if not all, judicial districts.  That being true, there would be little need for the subsections dealing with the specifics of where the cause of action arose, where the plaintiff resides, and where relevant real estate is situated, if such an expansive interpretation of residency of a defendant were intended by Congress." *Id.* at 267.  The Seventh Circuit was also concerned that forum shopping might result if a plaintiff were allowed to sue a government agency in a remote district.  *Id*.

Plaintiff Cicco has had the opportunity to file suit in her home district since 1972.  However, she waited until 46 years and moved the vial to the District of Kansas to file suit.  Because Plaintiff Cicco has shown no permissible basis for venue in the District of Kansas, this Court should dismiss her Complaint pursuant to Fed. R. Civ. P. 12(b)(3).

Wherefore, the Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and lack of proper venue.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

s/ *Brian D. Sheern*
BRIAN D. SHEERN
Assistant United States Attorney
Ks. S.Ct. No. 21479
1200 Epic Center
301 N. Main
Wichita, Kansas 67202
PH: (316) 269-6481
FX: (316) 269-6484
Email: brian.sheern@usdoj.gov
Attorneys for the Defendant

CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christopher M. McHugh, cmchugh@sb-kc.com and Christopher C. Tillery, ctillery@sb-kc.com, Attorneys for Plaintiff.

s/ *Brian D. Sheern*
BRIAN D. SHEERN
Assistant United States Attorney