# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAURA MURRAY CICCO,

    **Plaintiff,**

v.

THE NATIONAL AERONAUTICS AND
SPACE ADMINISTRATION,

    **Defendant.**

Case No. 18-1164-EFM-TJJ

## MEMORANDUM AND ORDER

On October 23, 2018, the Court conducted a telephone scheduling conference with the parties in accordance with Fed. R. Civ. P. 16. Plaintiff appeared through counsel, Christopher Marshall McHugh and Christopher C. Tillery. Defendant appeared through counsel, Brian D. Sheern. Stephen McAllister, U.S. Attorney for the District of Kansas, also appeared on behalf of Defendant. Defendant has requested a stay of discovery pending ruling on its motion to dismiss (ECF No. 6), which Plaintiff opposes. After hearing argument from counsel, the Court stays discovery until the District Judge rules on the motion to dismiss.

### I. Procedural Background

Plaintiff filed this action on June 6, 2018.[1] Plaintiff claims she received a vial of moon dust and a note from astronaut Neil Armstrong when she was a child. Defendant has taken the position that all lunar material is the property of NASA. As a result, Plaintiff filed this declaratory judgment action seeking judgment declaring her the rightful and legal owner of the vial and its contents.

---

[1] ECF No. 1.

On August 29, 2018, Defendant filed a motion to dismiss, arguing this Court lacks subject matter jurisdiction to hear this case because there has been no waiver of its sovereign immunity, and arguing that venue is improper in the District of Kansas. Plaintiff contends sovereign immunity has been waived, and venue is proper because the property at issue is located in Kansas.

Defendant believes a stay of discovery is appropriate because it has asserted sovereign immunity and therefore it should not be required to bear the costs and burdens of litigation, including discovery, unless the court denies the motion to dismiss. Plaintiff objects to a stay because this case has already been pending for more than four months, and Defendant is not automatically entitled to a stay just because it asserts sovereign immunity.

## II. Legal Standard

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Therefore, the general policy in the District of Kansas is to not stay discovery even when dispositive motions are pending.[4]

However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

**III. Analysis**

Applying those factors here, the Court finds a stay of discovery is appropriate. If the motion is granted, this case would be dismissed, which would be a final conclusion of this case. No party contends that discovery in this case would affect the resolution of the pending motion. Defendant contends allowing discovery would be wasteful and burdensome because several witnesses who would need to be deposed live out of state, so the parties would incur significant expenses due to travel and time.

Additionally, a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery.[6] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[7] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[8]

Although much of the authority in this district for allowing a stay of discovery is in reference to the assertion of qualified immunity, as opposed to sovereign immunity, the analysis is the same. In the context of staying discovery, the Tenth Circuit has held there is "no logical reason why this rule should not apply where the defendant raises the defense of sovereign

---

[5] *Id.*

[6] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

[7] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

[8] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

immunity."[9] The Court, therefore, stays discovery and all Fed. R. Civ. Pro. 16 parties' planning and scheduling requirements, except those noted below, pending ruling on Defendant's motion to dismiss.

The Court imposes the following deadlines during the stay. The parties are directed to exchange copies of the various documents described in their respective Rule 26(a)(1) initial disclosures by October 31, 2018. Plaintiff shall submit her good-faith settlement proposal to Defendant by October 31, 2018. Defendant shall submit its good-faith settlement counter-proposal by November 9, 2018. The parties shall either jointly file a mediation notice or submit their confidential settlement reports to chambers by November 23, 2018. The parties shall submit their jointly proposed protective order by November 26, 2018. The deadline for the parties to file a motion for leave to join additional parties or otherwise amend the pleadings is November 26, 2018.

In the event the motion to dismiss is denied, the parties shall contact chambers within seven days of the order to schedule a second scheduling conference. The Court instructed the parties that discovery will be limited to four months and encouraged the parties to talk and make plans for various discovery issues while the case is stayed.

**IT IS THEREFORE ORDERED BY THE COURT** that discovery and all Fed. R. Civ. P. 16 parties' planning and scheduling requirements are hereby stayed until such time as the District Judge rules on Defendant's Motion to Dismiss (ECF No. 6).

**IT IS SO ORDERED.**

---

[9] *Liverman v. Committee on the Judiciary, U.S. House of Representatives*, 51 Fed. Appx. 825, 827–28, 2002 WL 31379892, at *2 (10th Cir. Oct. 23, 2002) (unpublished).

Dated October 24, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge