IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURA MURRAY CICCO,

    *Plaintiff,*

vs.

The NATIONAL AERONAUTICS AND
SPACE ADMINISTRATION,

    *Defendant.*

Case No. 18-1164-EFM-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Laura Murray Cicco filed suit against Defendant the National Aeronautics and Space Administration ("NASA"). She brings this action seeking a declaratory judgment that she is the rightful owner of a vial of dust from the surface of the moon given to her from Neil Armstrong. Defendant seeks dismissal of the action asserting that the Court lacks subject matter jurisdiction, Plaintiff lacks standing, and for improper venue (Doc. 6). For the reasons stated below, the Court finds that it lacks subject matter jurisdiction and grants Defendant's motion.

**I.    Factual and Procedural Background**

When Plaintiff was about 10 years old (in 1970), Plaintiff's mother gave her a glass vial full of light grey dust and Plaintiff's father's business card. On the back of her father's business card was a note from Neil Armstrong, an American astronaut and commander of the Apollo 11 mission to the moon. The note said, "To Laura Ann Murray – Best of Luck – Neil Armstrong

Apollo 11." Plaintiff's mother told Plaintiff that the vial contained dust from the moon. Armstrong's signature on the card has been authenticated by an expert, and testing has demonstrated that the glass vial contains lunar and terrestrial material.

Plaintiff contends that there is no law against private persons owning lunar material and that it is not illegal to own or possess it. She alleges that Defendant has taken the position, in a 2014 California case, that all lunalogic material is the property of NASA.[1]

Plaintiff filed suit against Defendant NASA on June 6, 2018. She states that Neil Armstrong gifted her the vial of lunar dust when she was a child and she seeks a declaratory judgment that she is the rightful and legal owner of the vial and its contents. Defendant has filed a Motion to Dismiss asserting that the Court lacks subject matter jurisdiction, Plaintiff lacks Article III standing, and the District of Kansas is an improper venue.

## II. Legal Standard

Defendant brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because it asserts that the Court lacks subject matter jurisdiction. Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) facial attacks, which question the sufficiency of the allegations in the complaint; or (2) factual attacks, which challenge the content of the allegations regarding subject matter jurisdiction.[2] There is a presumption against subject matter jurisdiction because federal courts are courts of limited jurisdiction.[3] Once jurisdiction is

---

[1] Plaintiff was not a party in that lawsuit.

[2] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[3] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

challenged, "the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."[4]

### III. Analysis

Defendant asserts that the Court lacks subject matter jurisdiction because Plaintiff cannot establish a waiver of its sovereign immunity. "Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit."[5] "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."[6] A party suing the United States, or one of its agencies, "must allege both a basis for the court's jurisdiction [ ] and a specific statute containing a waiver of the government's immunity from suit."[7] Failure to identify "an express waiver of immunity over any of the claims in question" in the pleadings deprives a federal court of subject matter jurisdiction.[8]

In Plaintiff's Complaint, she asserts that she brings her action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to settle ownership of the vial containing dust from the moon. She contends that 28 U.S.C. § 1655 provides subject matter jurisdiction because this statute addresses quieting title to personal property. This statute provides, in part, that "[i]n an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud

---

[4] *Id.*

[5] *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (citation omitted).

[6] *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (citing *Normandy Apartments*, 554 F.3d at 1295).

[7] *Thomas v. Pierce*, 662 F. Supp. 519, 523 (D. Kan. 1987) (citations omitted); *see also Normandy Apartments*, 554 F.3d at 1295 (stating that general jurisdictional statutes "do not waive the Government's sovereign immunity," and the party "seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction.").

[8] *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996).

upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."[9]  Neither of these statutes act as a waiver of Defendant's sovereign immunity.

The lien enforcement statute, 28 U.S.C. § 1655, does not constitute an independent basis for subject matter jurisdiction.  "Section 1655 does not extend or enlarge the original jurisdiction of the district courts of the United States."[10]  This statute "has been consistently construed as simply permitting substituted service in certain cases where the court has jurisdiction; the jurisdictional facts requisite to support federal jurisdiction of the action involved, such as diversity of citizenship and jurisdictional amount, must be independently present."[11]  In addition, several cases have noted that § 1655 does not allow suit against the United States when consent has not been given.[12]  Likewise, 28 U.S.C. § 2201 does not by itself "confer jurisdiction on a federal court where none otherwise exists."[13]  Thus, Plaintiff fails to plead a basis for waiver of sovereign immunity and subject matter jurisdiction.

---

[9] 28 U.S.C. § 1655.

[10] *A.E. Borden Co. v. Wurm*, 174 F. Supp. 606, 608 (D. Me. 1959); *see also* 13F Charles Alan Wright and Arthur R. Miller, et al., Fed. Prac & Proc. Juris, § 3632 (3d ed.) (citing cases)

[11] *A.E. Borden*, 174 F. Supp. at 608 (citations omitted).

[12] *See Ward v. Humble Oil & Ref. Co.*, 321 F.2d 775, 780 (5th Cir. 1963); *Stewart v. United States*, 242 F.2d 49, 51-52 (5th Cir. 1957).

[13] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002); *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981) ("It is settled that 28 U.S.C. § 2201 does not itself confer jurisdiction on a federal court where none otherwise exists.").

In Plaintiff's response to Defendant's motion to dismiss, she contends that 5 U.S.C. § 702 waives sovereign immunity for all non-monetary actions against a federal agency.[14] Plaintiff contends that the second sentence stands on its own as a waiver of sovereign immunity. The statute states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

This statute provides for a waiver of sovereign immunity in actions that do not seek money damages. The plain language of the statute, however, would make it inapplicable to the instant case. The statute states that a person must be stating a claim "that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority."[15] Plaintiff does not allege any unlawful action, or inaction, by an agency or employee. There are no allegations that Defendant, or any of its employees or officers, have performed *any* actions or failures to act *in this case*.[16] Instead, she simply seeks a declaration that she is the rightful owner

---

[14] Section 702 is part of the Congressional Review Act ("CRA"), which is part of the Administrative Procedure Act ("APA").

Plaintiff does not address Defendant's argument that 28 U.S.C. § 2201 and § 1655 do not provide a basis for this Court's jurisdiction but instead only asserts the argument that 5 U.S.C. § 702 provides for a waiver of sovereign immunity. The Court notes Plaintiff did not plead this statute in her Complaint as a basis for the Court's subject matter jurisdiction, but it will nevertheless address Plaintiff's argument.

[15] 5 U.S.C. § 702. The legislative history confirms this interpretation because the House of Representative Report accompanying the statute amendment states that "the amendment made to section 702 of title 5 would eliminate the defense of sovereign immunity in *any* action in a federal court seeking relief other than money damages and stating a claim based on the assertion of unlawful official action by an agency or by an officer or employee of that agency." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 400 (3d Cir. 2012) (citing H.R.Rep. No. 94-1656, at 3, reprinted in 1976 U.S.C.C.A.N. 6121, 6123 (emphasis in original).

[16] In Plaintiff's Complaint, she includes a fact about Defendant NASA's position in a 2014 California case.

of a vial containing dust from the moon. Thus, even though she is seeking relief other than monetary damages, she does not state a claim that Defendant "acted or failed to act."

Furthermore, even if this statute could be read to provide a waiver of sovereign immunity, the statute itself does not provide subject matter jurisdiction.[17] There must be an independent basis for federal court jurisdiction even if there is a finding of the waiver of sovereign immunity under § 702.[18] The plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States" so that the Court has independent jurisdiction pursuant to 28 U.S.C. § 1331.[19] As noted above, neither the Declaratory Judgment Act (28 U.S.C. § 2201) nor the lien enforcement statute (28 U.S.C. § 1655) provides an independent basis for this Court's jurisdiction. Accordingly, the Court must dismiss for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

This case is closed.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *Treasurer of New Jersey*, 684 F.3d at 401 (noting that the APA does not confer jurisdiction and the court "cannot entertain the case unless it has jurisdiction under Article III of the Constitution and the statutes that Congress has adopted providing a federal court with jurisdiction over the case."); *see also Wyoming*, 279 F.3d at 1236 (stating that "[t]he APA, however, is not an independent grant of jurisdiction to review agency action.").

[18] *Treasurer of New Jersey*, 684 F.3d at 401; *see also Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) ("To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction.").

[19] *Treasurer of New Jersey*, 684 F.3d at 401 (citation omitted).